UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRUCE ORCUTT,

    Appellant,

v.                        CASE NO. 8:10-CV-1925-T-17

JIMMIE M. CRAWFORD,

    Appellee.
_____/

ORDER

This cause is before the Court on:

Dkt. 9   Brief of Appellant
Dkt. 11  Brief of Appellee
Dkt. 13  Reply Brief

In this Bankruptcy Appeal, Appellant Bruce Orcutt appeals the Bankruptcy Court's Order denying Renewed Motion to Dismiss Crawford's Chapter 13 case, brought under 11 U.S.C. Sec. 1307(c), and the Bankruptcy Court's Order overruling Appellant Orcutt's Objection to Chapter 13 Plan, brought under 11 U.S.C. 1325.

I. Standard of Review

In considering an appeal from a bankruptcy court order, the district court reviews conclusions of law de novo, and reviews findings of fact under a clearly erroneous standard. In Re Celotex Corp., 232 B.R. 484, 486 (M.D. Fla. 1998). Mixed questions of law and fact are reviewed de novo. In Re Cox, 493 F.3d 1336. 1340 n. 9 (11th Cir. 2007). A finding of fact is clearly erroneous when the reviewing court on the entire

Case No. 8:10-CV-1925-T-17-EAK

record is left with the definite and firm conviction that a mistake has been made. General Trading, Inc. v. Yale Materials Handling Corp., 119 F.3d 1485, 1494 (11th Cir. 1997).

Whether a Chapter 13 Plan has been proposed in good faith is a finding of fact reviewable under the clearly erroneous standard. In Re Saylors, 869 F.2d 1434, 1438 (11th Cir. 1989). Under the clearly erroneous standard, the reviewing court may not reverse simply because it takes a different view of the evidence or would have decided the case differently, but this deference is not unlimited; the Court may consider documents and objective evidence which contradict a witness' story, or take notice that a story is internally inconsistent or so facially implausible that a reasonable fact finder would not credit it. Anderson v. City of Bessemer, 470 U.S. 564, 574-5 (1985).

A Motion to Dismiss a Chapter 13 case for lack of good faith is measured by the same standard for determining good faith at confirmation under Sec. 1325(a)(3). Sec. 1325(a)(3) requires that a Chapter 13 plan be proposed in good faith. An abuse of Chapter 13 depends on the circumstances of the case. In re Bucco, 205 B.R. 323 (M.D. Fla. 2006)(internal citations omitted).

II. Issues

Appellant Bruce Orcutt filed a Renewed Motion to Dismiss, or in the alternative, Motion to Deny Confirmation. The Bankruptcy Court conducted an evidentiary hearing on April 28, 2010 (Dkt. 4, Exh. 8), and made oral rulings on May 20, 2010 (Dkt. 5), denying both Motions. The Court has examined the record in Bankruptcy Court, including the hearing transcripts and hearing exhibits.

Case No. 8:10-CV-1925-T-17-EAK

A. Renewed Motion to Dismiss

Appellant Orcutt argues that the Bankruptcy Court erred in denying the Renewed Motion to Dismiss brought under 11 U.S.C. 1307(c). Appellant Orcutt argues that Appellee's prepetition and post-petition conduct, i.e. inability to tell the truth in sworn statements and testimony, was such that Appellee should have been denied the protection of the bankruptcy laws. Appellant Orcutt contends that Appellee's multiple inconsistent statements under oath establish bad faith in the conversion of Chapter 7 to Chapter 13, which clearly justifies the dismissal of Appellee's Chapter 13 petition.

11 U.S.C. 1307 provides:

(a) The debtor may convert a case under this chapter to a case under chapter 7 of this title at any time. Any waiver of the right to convert under this subsection is unenforceable.

(b) On request of the debtor at any time, if the case has not been converted under section 706, 1112, or 1208 of this title, the court shall dismiss a case under this chapter. Any waiver of the right to dismiss under this subsection is unenforceable.

(c) Except as provided in subsection (f) of this section, on request of a party in interest or the United States trustee and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause, including--

    (1) unreasonable delay by the debtor that is prejudicial to creditors;
    (2) nonpayment of any fees and charges required under chapter 123 of title 28;
    (3) failure to file a plan timely under section 1321 of this title;
    (4) failure to commence making timely payments under section 1326 of this title;
    (5) denial of confirmation of a plan under section 1325 of this title and denial of a request made for additional time for

> filing another plan or a modification of a plan;
> **(6)** material default by the debtor with respect to a term of a confirmed plan;
> **(7)** revocation of the order of confirmation under section 1330 of this title, and denial of confirmation of a modified plan under section 1329 of this title;
> **(8)** termination of a confirmed plan by reason of the occurrence of a condition specified in the plan other than completion of payments under the plan;
> **(9)** only on request of the United States trustee, failure of the debtor to file, within fifteen days, or such additional time as the court may allow, after the filing of the petition commencing such case, the information required by paragraph (1) of section 521(a);
> **(10)** only on request of the United States trustee, failure to timely file the information required by paragraph (2) of section 521(a); or
> **(11)** failure of the debtor to pay any domestic support obligation that first becomes payable after the date of the filing of the petition.

The above list is not exhaustive. Bankruptcy courts routinely consider that a lack of good faith is sufficient cause to dismiss a case under 11 U.S.C. Sec. 1307(c). Maramma v. Citizens Bank of Massachusetts, et al., 549 U.S. 365, 373-374 (2007); In re Bucco, 205 B.R. 323 (M.D. Fla. 2006). Failure to make accurate disclosure in bankruptcy documents, making fraudulent representations to the court, or an unfair manipulation of the Bankruptcy Code is sufficient cause for dismissal. In re Kelly, 358 B.R. 443 (Bankr. M.D. Fla. 2006). A determination of "bad faith" as cause for dismissal of a Chapter 13 petition with prejudice involves the application of the "totality of the circumstances" test. In re Leavitt, 171 F.3d 1219, 1223 (9th Cir. 1999).

In this case, the Bankruptcy Court applied the "totality of the circumstances" test. The Bankruptcy Court found that Appellee failed to disclose certain assets and transfers of assets in the fact information sheet, that the schedules filed in the Chapter 7 case failed to accurately schedule the Appellee's assets and transfers, but amendments were filed to rectify all deficiencies, except for the disclosure of the

Case No. 8:10-CV-1925-T-17-EAK

transfer of the motorcycle. The Bankruptcy Court noted that Appellee agreed to amend the Chapter 13 plan to provide for the payment of the value of Appellee's motorcycle and vending machines through the plan. The Bankruptcy Court found no evidence that Appellee manipulated the Bankruptcy Code, no history of filings and dismissals, and no evidence of egregious behavior. The Bankruptcy Court concluded that cause did not exist to dismiss Appellee's case.

The Renewed Motion to Dismiss for lack of good faith is measured by the same standard as an objection to Plan Confirmation for lack of good faith. The Court will address Appellee's good faith in the context of Plan Confirmation below.
As discussed below, the Court concludes that the Bankruptcy Court did not err in denying Appellant's Renewed Motion to Dismiss.

B. Objection to Plan Confirmation

Appellant Orcutt argues that the Bankruptcy Court erred in overruling Appellant's objection to plan confirmation.

11 USC 1325 provides that:

1. **(a)** Except as provided in subsection (b), the court shall confirm a plan if–

....

**(3)** the plan has been proposed in good faith and not by any means forbidden by law;

....

**(b)(1)** If the trustee or the holder of an allowed unsecured claim objects to the confirmation of the plan, then the court may not approve the plan unless, as of the effective date of the plan–

**(A)** the value of the property to be distributed under the plan on account of such claim is not less than the amount of such claim; or

**(B)** the plan provides that all of the debtor's projected disposable income to be received in the applicable commitment period beginning on the date that the first payment is due under the plan will be applied to make payments to unsecured creditors under the plan....

The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") was enacted to curb certain abuses in the bankruptcy process. One perceived abuse was the easy access to Chapter 7 liquidation proceedings by consumer debtors who, if required to file under Chapter 13, could afford to pay some dividend to their unsecured creditors. See In re Hardacre, 338 B.R. 718 (Bk. N.D. Texas 2006).

Congress included the "means test" in BAPCPA, which differentiates between debtors who can repay a portion of their debt and, and debtors which cannot. The "means test" applies to a debtor whose income is above the state's median for a family of the same size and whose debts are primarily consumer debts. Application of the "means test" allows the U.S. Trustee to benefit from a rebuttable presumption of abuse which arises when the amount of disposable income the debtor could hypothetically contribute to a Chapter 13 plan rises above a certain threshold. In cases in which the presumption of abuse does not arise or is rebutted, the U.S. Trustee may pursue dismissal of a debtor's case under Sec. 707(b)(3), which provides that the Court may consider whether, under the totality of the circumstances, the debtor's financial situation demonstrates abuse.

Under BAPCPA, Congress added an additional good faith requirement, requiring that a debtor's actions in filing a petition be in good faith, 11 U.S.C. Sec. 1325(a)(7).

Case No. 8:10-CV-1925-T-17-EAK

However, Congress left unchanged the requirement that a plan be proposed in good faith, 11 U.S.C. Sec. 1325 (a)(3).

In this case, Appellee commenced Chapter 7 proceedings, and then requested conversion to Chapter 13. At the Confirmation hearing, Appellee's counsel noted that Appellee's income is below the state's median for a family of the same size. (Dkt. 5, p. 17). The Bankruptcy Court noted that Appellee committed all his disposable income to the Plan.

The Bankruptcy Code does not explicitly define "good faith." "Good faith" has been defined by case law, and is established by applying a multi-factor test, informed by subsequent legislative amendments. See In re Lemaire, 898 F.2d 1346 (8th Cir. 1990)(citing Educational Assistance Corp. v. Zellner, 827 F.2d 1222 (8th Cir. 1987). Some courts have held that, after BAPCPA, a debtor's ability to pay is no longer a factor under Sec. 1325(a)(3), and is appropriately considered only under Sec. 1325(b). See, e.g., In re Barr, 341 B.R. 181 (Bkrtcy. M.D. N.C. 2006). Before BAPCPA, the 1984 Code amendments created a formula to determine the amount of disposable income a debtor must dedicate to the plan; the amount was determined under Sec. 1325(a)(3) as a matter of good faith.

Analysis of a debtor's good faith in proposing a Chapter 13 plan includes pre-petition conduct as well as post-petition conduct. In re McGovern, 297 B.R. 650 (S.D. Fla. 2003). In In re Kitchens, 702 F.2d 885, 888 (11th Cir. 1983), the Eleventh Circuit Court of Appeals explains that:

> Broadly speaking, the basic inquiry should be whether or not under the circumstances of the case there has been an abuse of the provisions, purpose or spirit of [the chapter] in

> the proposal. Id. (citing 9 Collier on Bankruptcy para. 9.20 at 319 (14th ed. 1978); cited in In re Estus, 695 F.2d at 316; Deans v. O'Donnell, 692 F.2d at 972; In re Rimgale, 669 F.2d at 431.

The Kitchens factors include: (1) the amount of the debtor's income from all sources; (2) the living expenses of the debtor and his or her dependents; (3) the amount of attorney's fees; (4) the probable or expected duration of the debtor's Chapter 13 plan; (5) the motivations of the debtor and his sincerity in seeking relief under the provisions of Chapter 13; (6) the debtor's degree of effort; (7) the debtor's ability to earn and the likelihood of fluctuation in his earnings; (8) special circumstances such as inordinate medical expense; (9) the frequency with which the debtor has sought relief under the Bankruptcy Reform Act and its predecessors; (10) the circumstances under which the debtor contracted the debts and his or her demonstrated bona fides, or lack of same, in dealings with his creditors; and (11) the burden which the plan's administration would place on the trustee. Id. The Eleventh Circuit found that "the facts of each bankruptcy case must be individually examined in light of various criteria to determine whether the chapter 13 plan at issue was proposed in good faith. Id.

The list of Kitchens factors is non-exclusive, and other factors or exceptional circumstances may support a finding of good faith even though a debtor has proposed no or only nominal repayment to unsecured creditors. Id. After Kitchens, the following factors were added: (12) the type of debt to be discharged and whether such debt would be nondischargeable; (13) the accuracy of the plan's statements of debts and expenses and whether any inaccuracies are an attempt to mislead the court; (14) extent to which the claims are modified and extent of preferential treatment among classes of creditors.

Case No. 8:10-CV-1925-T-17-EAK

In In re Waldron, 785 F.2d 936 (11th Cir. 1986), the Eleventh Circuit held:

> We hold that with section 1325(a)(3) Congress intended to provide bankruptcy courts with a discretionary means to preserve the bankruptcy process for its intended purpose. Accordingly, whenever a Chapter 13 petition appears to be tainted with a questionable purpose, it is incumbent upon the bankruptcy courts to examine and question the debtor's motives. If the court discovers unmistakable manifestations of bad faith, as we do here, confirmation must be denied.
>
> Unmistakable manifestations of bad faith need not be based upon a finding of actual fraud, requiring proof of malice, scienter or an intent to defraud. We simply require that the bankruptcy courts preserve the integrity of the bankruptcy process by refusing to condone its abuse.

In re Waldron, 785 F.2d at 941.

1). Challenge to Factual Findings

a. Operation of Vending Business

One of the factual underpinnings of the Bankruptcy Court's decision included the disclosure that Appellee owned an interest in certain vending machines at the time that Appellee executed the fact information sheet. The Bankruptcy Court further stated "...and it doesn't appear that the Debtor was operating the vending machines at the time that he executed the fact information sheet." The fact information sheet was completed pursuant to the terms of a final judgment entered in favor of Appellant and against Appellee in the Hillsborough County Circuit Court on June 26, 2008.

Case No. 8:10-CV-1925-T-17-EAK

At the evidentiary hearing on April 28, 2010, Appellee Crawford testified that he was operating the vending machine business for three weeks, and then turned the machines over to Jim Beam (Transcript, p. 45) "when he got out of the restaurant." (Transcript, p. 48-49). In his deposition, Ed Mandell testified that : 1) Appellee purchased vending machines from him in May or June of 2006; 2) that he had a conversation with Appellee at the Pizza Shack restaurant in April, 2007 in which Appellee indicated, without specifics, that he was operating the vending machines (Mandell Deposition, p. 26); and 3) that he had a conversation with Appellee in April, 2008 about different vending machines having replaced the original vending machines, and why the machines were switched out. (Mandell Deposition, pp. 26-28).

Appellant argues that the Mandell deposition testimony directly contradicts the Bankruptcy Court's statement as to Appellee's operation of the vending machine business, which "suggests that Crawford was running the vending machine route until April, 2008." Appellant argues that Appellee could not testify consistently about the number of vending machines involved in the vending machine business he operated or the time he operated the business. However, the Bankruptcy Court was aware of Appellee's inconsistent testimony. The Bankruptcy Court noted that the "the evidence at trial supports a finding that Debtor failed to disclose certain assets and transfers of assets on a fact information sheet...." (Dkt. 5, p. 5). The Bankruptcy Court further noted that "Debtor's bankruptcy schedules, as originally filed in the Chapter 7 case also failed to accurately schedule the Debtor's assets and transfers, however amendments have been filed that rectify these deficiencies with the exception of the disclosure of the Debtor's transfer of the motorcycle to his wife." (Dkt. 5, p. 6). The Bankruptcy Court weighed Appellee's misstatements and omissions in reaching the Bankruptcy Court's determination of Appellee's good faith.

Case No. 8:10-CV-1925-T-17-EAK

Appellant Orcutt contends that the assigned Bankruptcy Judge did not weigh the evidence correctly, not according enough weight to the multiple inconsistencies in Appellee's testimony. Appellant Orcutt argues the totality of the circumstances in this case leads inexorably to only one conclusion, that Appellee habitually misled the Court, tainting the bankruptcy process such that Appellee should be denied the benefit of Chapter 13.

The Mandell testimony does not necessarily establish that Appellee was operating the vending business at the time Appellee executed the fact sheet. Even if it did, the Bankruptcy Court was aware of Appellee's other misstatements and omissions. This fact would not necessarily change the Bankruptcy Court's conclusion that Appellant did not establish cause for dismissal, and under the totality of the circumstances, conversion rather than dismissal served the best interests of the creditors and the estate. Appellee testified before the assigned Bankruptcy Judge, who assessed Appellee's credibility. Considering all of the circumstances, Appellee's testimony is not so internally inconsistent or facially implausible that a reasonable fact-finder would not credit it.

b. Motivation for Conversion

Appellant Orcutt argues that a Chapter 13 plan used to avoid dischargeability issues in a Chapter 7 case is tantamount to bad faith.

Appellee Crawford argues that Appellee converted his Chapter 7 case to a Chapter 13 case because he could not afford the cost of expensive litigation.

11

Motivation is a significant factor among the relevant factors to be considered in determining the factual issue of "good faith." In the context of the total circumstances of this case, misstatements and omissions could be found to be intentional lies of great consequence, or the reflection of an imperfect memory causing relatively minor problems which require prompt correction. In this case, Appellee acknowledged the problems and corrected them. A refusal to correct the problems would have clearly signified bad faith.

This case is far from the factual scenario in In re Fretwell, 201 B.R. 745 (Bankr. M.D. Fla. 2002). BAPCPA eliminated the "super-discharge. After BAPCPA, a debtor would not have the same motivation to convert from Chapter 7 to Chapter 13, and the Court views the Bankruptcy Court's discussion of In re Fretwell in that context. The Bankruptcy Court did not hold that motivation is not a significant factor in determining the presence of good faith.

The Bankruptcy Court states:

> In this case, the Debtor is not attempting to avoid State Court litigation, and the Debtor's prepetition inaccuracies have not continued in the bankruptcy case; they have been rectified by the filing of amended schedules. The Debtor is proposing to pay all his disposable income into the plan, and a discharge under Chapter 13 in this case would reach no wider than a Chapter 7 discharge would have.

Transcript, p. 11. The Bankruptcy Court further noted Appellee's commitment to pay into the plan the value of the motorcycle and the vending machines. (Transcript, p. 12).

After consideration, the Court finds no error in the decision of the Bankruptcy Court finding that the conversion to Chapter 13 was made in good faith, and the plan was proposed in good faith. Accordingly, it is

Case No. 8:10-CV-1925-T-17-EAK

**ORDERED** that the Bankruptcy Court's rulings are **affirmed**.

**DONE and ORDERED** in Chambers, in Tampa, Florida on this 20th day of September, 2011.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record